IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

| | |
|---|---|
| FIDELITY AND DEPOSIT COMPANY ) <br> OF MARYLAND, ) <br> ) <br> Plaintiff, ) <br> ) CIVIL ACTION <br> v. ) <br> ) No. 13-2449-CM-TJJ <br> KRAMER & ASSOCIATES CPAs, LLC, ) <br> ) <br> Defendant. ) <br> _____) | |

## MEMORANDUM AND ORDER

This matter is before the Court on Plaintiff's Motion for Leave to Amend (ECF No. 32). Plaintiff seeks to amend its Complaint to state with more particularity its allegations against Defendant Kramer & Associates CPAs, LLC, for professional negligence. For reasons stated below, the Court grants Plaintiff's motion.

**I.    Background Information**

This is an accounting malpractice case. On September 3, 2013, Plaintiff filed its Complaint against Kramer & Associates CPAs, LLC. Plaintiff, a surety, issued surety bonds to Wittwer Construction Co., Inc., many of which Wittwer defaulted on and Plaintiff was therefore obligated to pay. Defendant provided accounting services to Wittwer, including preparing annual audits and financial statements from at least 2007 through the end of 2009. Plaintiff alleges that Defendant inaccurately represented Wittwer's financial condition on the statements it prepared. Plaintiff further alleges that Defendant knew or should have known that Plaintiff would rely on Defendant's statements in determining whether to bond Wittwer, and that Plaintiff executed surety bonds that it otherwise would not have executed if Defendant had provided

1

accurate information. Plaintiff alleges that Defendant did not adhere to the accepted standard of care for certified public accountants, and that if it had then Plaintiff would have known of Wittwer's poor financial condition and would not have issued bonds and suffered loss.

Defendant filed a motion to dismiss Plaintiff's complaint for failure to state a claim upon which relief can be granted.[1] In its motion to dismiss, Defendant argues that Plaintiff did not allege facts to satisfy K.S.A. 1-402, which defines the circumstances under which an individual or entity may bring a cause of action against an accountant or accounting firm for professional negligence. In response, Plaintiff opposed Defendant's motion to dismiss and filed the instant motion in an effort to correct any pleading deficiency and avoid dismissal.[2]

## II. Legal Standards

Rule 15 of the Federal Rules of Civil Procedure allows a party to amend the party's pleading once as a matter of course (1) within 21 days after serving it or (2) within 21 days after a responsive pleading or a Rule 12(b), (e), or (f) motion is served.[3] Subsequent amendments are allowed only by leave of court or by written consent of the adverse party.[4] Leave to amend is a matter committed to the sound discretion of the district court,[5] and the court "should freely give leave when justice so requires."[6] A district court should refuse leave to amend "only upon a

---

[1] ECF No. 23.

[2] The presiding district court judge, the Honorable Carlos Murguia, denied Defendant's Motion to Dismiss without prejudice. *See* ECF No. 44.

[3] Fed. R. Civ. P. 15(a)(1).

[4] Fed. R. Civ. P. 15(a)(2).

[5] *Woolsey v. Marion Labs., Inc.*, 934 F.2d 1452, 1462 (10th Cir. 1991).

[6] Fed. R. Civ. P. 15(a)(2).

2

showing of undue delay, undue prejudice to the opposing party, bad faith or dilatory motive, failure to cure deficiencies by amendments previously allowed, or futility of amendment."[7] A proposed amendment is futile if the amended complaint would be subject to dismissal.[8]

## III. Analysis

Plaintiff asserts that the Court should grant its motion for leave to amend because it meets the standards of Rule 15 and was timely filed. Plaintiff acknowledges Defendant's motion to dismiss and argues in response that the proposed Amended Complaint adds factual allegations which satisfy K.S.A. 1-402(b). Defendant contends that Plaintiff's motion should be denied as futile and relies on its briefs in support of its motion to dismiss.

A claim for accounting negligence under Kansas law is governed by K.S.A. 1-402, which provides as follows:

> No person, proprietorship, partnership or registered firm authorized to practice as a certified public accountant pursuant to article 3 of chapter 1 of the Kansas Statutes Annotated, or any employee, agent, partner, officer, shareholder or member thereof, shall be liable to any person or entity for civil damages resulting from acts, omissions, decisions or other conduct amounting to negligence in the rendition of professional accounting services unless:
>
> (a) The plaintiff directly engaged such person, proprietorship or registered firm to perform the professional accounting services; or
>
> (b)(1) the defendant knew at the time of the engagement or the defendant and the client mutually agreed after the time of the engagement that the professional accounting services rendered the client would be made available to the plaintiff, who was identified in writing to the defendant; and (2) the defendant knew that the plaintiff intended to rely upon the professional accounting services rendered the client in connection with specified transactions described in writing.

---

[7] *Wilkerson v. Shinseki*, 606 F.3d 1256, 1267 (10th Cir. 2010) (internal citation omitted).

[8] *Anderson v. Suiters*, 499 F.3d 1228, 1238 (10th Cir. 2007).

The parties agree that Plaintiff does not have a claim against Defendant under K.S.A. 1-402(a) because Plaintiff did not engage Defendant to perform accounting services. Defendant contends that neither does Plaintiff satisfy the requirements of K.S.A. 1-402(b), because the proposed Amended Complaint does not allege that (1) Plaintiff was identified in writing to Defendant as an entity that would receive the accountants' services, or (2) Defendant knew that Plaintiff intended to rely on Defendant's accounting services to Wittwer in connection with specified transactions identified in writing.[9]

It is well settled that a court may deny a motion to amend as futile if the proposed amendment would not withstand a motion to dismiss or if it otherwise fails to state a claim.[10] Dismissal of a claim under Rule 12(b)(6) is appropriate only when it appears "beyond a doubt" that a party can prove no set of facts in support of the theory of recovery that would entitle it to relief.[11] The issue before this Court is therefore not whether Plaintiff ultimately will prevail on its professional negligence claim, but whether it is entitled to offer evidence to support its allegations.[12]

In their briefing on Defendant's motion to dismiss, both parties discuss *Battenfeld of America Holding Company, Inc. v. Baird, Kurtz & Dobson*, 60 F. Supp. 2d 1189 (D. Kan 1999),

---

[9] ECF No. 24 at 4.

[10] *Lyle v. Commodity Credit Corp.*, 898 F. Supp. 808, 810 (D. Kan. 1995) (citing *Ketchum v. Cruz*, 961 F.2d 916, 920 (10th Cir. 1992)).

[11] *Conley v. Gibson*, 355 U.S. 41, 45-46 (1957); *Maher v. Durango Metals, Inc.*, 144 F.3d 1302, 1304 (10th Cir. 1998).

[12] *See Baumann v. Hall,* No. 98-2126-JWL, 1998 WL 513008, at *1 (D. Kan. July 15, 1998) (citing *Scheuer v. Rhodes*, 416 U.S. 232, 236 (1974)).

which discussed K.S.A. 1-402(b) in the context of summary judgment motions.[13] Although it addresses the elements of K.S.A. 1-402(b), the case is not relevant to the instant motion because it analyzes whether a reasonable jury could conclude from the uncontroverted record evidence that each plaintiff had satisfied the statutory requirements. In contrast, the instant motion calls for the Court to analyze whether Plaintiff has set forth well-pleaded facts, as distinguished from conclusory allegations, from which it could reasonably be inferred that (1) Defendant knew at the time of the engagement (or that Defendant and Wittwer mutually agreed after the time of the engagement) that the professional accounting services rendered Wittwer would be made available to Plaintiff, and that Plaintiff was identified in writing to Defendant, and (2) Defendant knew that Plaintiff intended to rely upon the professional accounting services rendered Wittwer in connection with specific transactions described in writing.

In its proposed Amended Complaint, Plaintiff alleges that at the time Wittwer engaged Defendant or at sometime thereafter, Defendant and Wittwer mutually agreed that Defendant's audited financial statements of Wittwer would be furnished to sureties for the purpose of obtaining bonding.[14] Plaintiff quotes excerpts from email messages exchanged between one of Defendant's principals or one of its accountants and Wittwer's CFO, in which the authors address "the bonding company, "a bond letter," and "bonds."[15] In one email, Wittwer's CFO asked one of Defendant's accountants for "a huge favor. I need the journal entries for the audit as soon as we can get them. I have to have the first quarter financials for the bonding company

---

[13]Judge Lungstrum denied summary judgment as to two plaintiffs and granted it as to one. *See Battenfeld*, 60 F. Supp. 2d at 1197-1201.

[14]ECF No. 32-1 ¶ 29.

[15]*Id.* ¶¶ 29-31.

by the end of next week."[16]

Based on these allegations, the Court believes that Plaintiff's proposed Amended Complaint adequately alleges that Defendant knew that the accounting services it rendered Wittwer would be made available to Plaintiff and that Plaintiff intended to rely on those services in connection with issuing bonds to Wittwer. Moreover, the proposed Amended Complaint specifically refers to writings from which it can reasonably be inferred that Defendant's knowledge of Plaintiff's interest in obtaining accurate financial statements and audit reports came from written documentation. Certainly, the proposed Amended Complaint does not reveal that it appears "beyond a doubt" that Plaintiff was not identified in writing to Defendant or that the specific transaction at issue was not identified in writing. Accordingly, Plaintiff's proposed Amended Complaint is not futile because it adequately states a claim upon which relief can be granted.

## IV. Conclusion

For the reasons set forth above, the Court finds that in the interests of justice Plaintiff should be granted leave to amend its Complaint. The Court further finds that Plaintiff's motion is timely and that amendment will not cause Defendant undue prejudice.

**IT IS THEREFORE ORDERED** that Plaintiff's Motion for Leave to Amend (ECF No. 32) is granted. In accordance with D. Kan. Rule 15.1(b), Plaintiff shall electronically file and serve its First Amended Complaint within fourteen (14) days of the date of this Order.

**IT IS SO ORDERED.**

Dated in Kansas City, Kansas this 6th day of June, 2014.

---

[16]*Id.* ¶ 29. One of Defendant's principals was copied on the email.

s/ Teresa J. James
Teresa J. James
United States Magistrate Judge